PETITIONER UNDER 28 § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY


JASON OWENS TREADWELL

      Petitioner,

-vs-

MARY BERGHUIS (Warden)

      Respondent,
_____/

Case:5:10-cv-10441
Judge: O'Meara, John Corbett
MJ: Binder, Charles E
Filed: 02-02-2010 At 12:09 PM
HC TREADWELL V BERGHUIS (EB)

PETITION

1.   (a) Name and Location of Court that entered the Judgment of conviction you are challenging: Wayne County 3rd Circuit Court. 1441 St. Antoine, Rm. 601 FMHJ Detroit, MI.

    (b) Criminal Docket of Case NO: 06-8315

2.   Date of Judgement of conviction: 2/5/2007

3.   Identify all counts and crimes for which you were convicted and sentenced in this case: Count 1 Murder First Degree (MCL 750.316(a), Felony Murder (MCL 750.89); Assault with Intent to Rob (MCL 750.89); Carjaking (MCL 750.529), Armed Robbery (MCL 750.529) and Assault with Intent to Murder (MCL 750.83); Felon in Possession of a firearm (MCL 750.224f and Felony Firearm (MCL 750.227b).

4.   Length of sentence for each count or crime for which you were convicted in this case: Defendant was sentenced to concurrent terms of life for Felony Murder and First Degree Murder: 285 Months to 50 Years for each Assault with Intent to Rob, Carjacking, Armed Robbery, and Assault with Intent to Murder; 2-years to 5-years for felon in Possession; and a consecutive 2-years for Felony Firearm.

5.   (a) What was your plea?
        Not Guilty                   [X]
        Guilty                       [X]
        Nolo contendere (no contest) [X]

6.   If you went to trial, what kind of trial did you have?
     (a) Jury            [X]
     (b) Judge only      [ ]

7.   Did you testify at the trial? Yes [X]   No [X]

8.   Did you file a direct appeal,  to the Michigan Court of Appeals from the

Judgement of conviction? Yes [X]  No [ ]


9.   If you did appeal, answer the following:

     (a) Dated you filed: 11/6/2007

     (b) Docket or Case No: 06-8315

     (c) Results: Affirmed, remanded on other grounds, (See attached Order)

     (d) Date of results: 7/15/08


     (e) Grounds raised:


I.    APPELLANTS CONVICTION MUST BE REVERSED AND THE CHARGES DISMISSED, AS THE
      PROSECUTION FAILED TO PRESENT LEGALLY SUFFICIENT EVIDENCE THAT HE WAS A
      PRINCIPLE OR AN AIDER AND ABETTOR IN VIOLATION OF HIS RIGHT TO DUE PROCESS
      OF LAW.

II.   APPELLANT IS ENTITLED TO A NEW TRIAL WHERE DEFENSE COUNSEL PROVIDED
      CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO MOVE TO SEVER
      UNRELATED OFFENSES.

III.  THE CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY INVOLVING MULTIPLE
      PUNISHMENTS FOR THE SAME OFFENSE  REQUIRES THE COURT TO MODIFY THE
      JUDGEMENT OF SENTENCE TO SPECIFY A SINGLE COUNT FOR FIRST DEGREE MURDER
      SUPPORTED BY TOW THEORIES (PREMEDITATED AND FELONY MURDER), AND TO VACATE
      THE SEPARATE SENTENCE FOR ASSAULT WITH INTENT TO ROB ARMED INVOLVING THE
      SAME DECEDENT.

     (g) Did you seek further review of the decision of appeal by the Michigan

     Supreme Court? Yes [X]   No [ ]

If yes, answer the following:

(1) Date you filed: July 15, 2008

(2) Docket or case number: 137126 & (58)(62)

(3) Result: Denied

(4) Date of result: January 27, 2009

(5) Grounds raised: Presented the same issues as presented in the C.O.A., plus

one **NEW ISSUE which was:**


DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE
ASSISTANCE OF COUNSEL WHERE COUNSEL, WITH NO STRATEGIC PURPOSE, MADE NUMEROUS
ERRORS THAT WERE OUTCOME DETERMINATIVE, THEREBY DEPRIVING DEFENDANT-APPELLANT
HIS RIGHT TO A FAIR TRIAL.


(h) Did you file a Petition for Certiorari in the United States Supreme

Court? Yes [ ]  No [X]

10.   Did you file a motion for relief from judgment pursuant to Subchapter MCR

6.500 of the Michigan Court Rules with respect to the judgment of conviction

and sentence? Yes [ ]  No [X]

11.   Other than a direct appeal or a motion for relief from judgment, have you

previously filed any petitions, applications, or motions with respect to this

judgement in any court, state or federal? Yes [ ] No [X]

12.   For this petition, state every ground on which you claim that you are

being held in violation of the Constitutions, law, and treaties of the United

States.

GROUND ONE:


I.   APPELLANTS CONVICTION MUST BE REVERSED AND THE CHARGES DISMISSED, AS THE
     PROSECUTION FAILED TO PRESENT LEGALLY SUFFICIENT EVIDENCE THAT HE WAS A
     PRINCIPLE OR AN AIDER AND ABETTOR IN VIOLATION OF HIS RIGHT TO DUE PROCESS
     OF LAW.


     (a) Supporting Facts: See Attached Brief in support

(b) **direct appeal of Ground One:**

(1) If you appealed from the judgement of conviction, did you raise this issue? Yes [X]  No [ ]

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes [ ]  No [X]

**GROUND TWO:**

II.  APPELLANT IS ENTITLED TO A NEW TRIAL WHERE DEFENSE COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO MOVE TO SEVER UNRELATED OFFENSES.

(a) Supporting Facts: Please see Attached Brief in Support.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgement of conviction, did you raise this issue? Yes [X]  No [ ]

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a Motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes [ ]  No [X]

**GROUND THREE:**

III. THE CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY INVOLVING MULTIPLE PUNISHMENT FOR THE SAME OFFENSE REQUIRES THE COURT TO MODIFY THE JUDGMENT OF SENTENCE TO SPECIFY A SINGLE COUNT FOR FIRST DEGREE MURDER SUPPORTED BY TWO THEORIES FOR ASSAULT WITH INTENT TO ROB ARMED INVOLVING THE SAME DECEDENT.

(a) Supporting Facts: Please see Attached Brief in Support.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgement of conviction, did you raise this issue? Yes [X]  No [ ]

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a Motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes [ ]   No [X]

13.   Have you previously filed any type of petition, application or motion in a Federal Court regarding the conviction that you are challenging in this petition? Yes [ ]   No [X]

14.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state of federal, as to the judgment you are challenging? Yes [ ]   No [X]

15.   Give the Name and address, if known, of each attorney who represented you in the following states of the judgement you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

16.   Do you have any future sentence to serve after you complete the sentence imposed by the judgement you are challenging? Yes [ ]   No [X]

RELEIF REQUESTED

WHEREFORE, Petitioner ask that this Court grant him the relief to which he may be entitled in this proceeding.

Respectfully submitted,

Jason Owens Treadwell #338440
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive.
Muskegon Heights, MI 49444

I declare under penalty of perjury that the following is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on January _____ 2010

Signature of Petitioner                    1 /26/ 10.

SUPPORTING FACTS:

(A) The Court of Appeals erred in concluding that there was sufficient evidence to support Defendants conviction for First Degree Murder. The Court of Appeals based their decision on, 1) Defendant admitted to possessing a gun; 2) He admitted to attempting to commit numerous robberies; 3) Defendant allegedly "encouraged and assisted: Grays by also shooting at Phipps; and 4) Defendants alleged knowledge of Gray's intent. See Opinion dated 7/15/08 pg. 2-3.

There is absolutely no evidence that any of Defendant's bullets actually hit Phipps. There is no evidence that Defendant had knowledge of Gray's "intent". Moreover, the prosecutor had the intent to murder, there is no evidence that defendant did not intend to do anything other than scare Phipps, or at the most wound him.

Therefore, there was insufficient evidence to establish that Defendant killed Phipps, or that he had the intent to do so.

(B) The evidence as applied to the First Degree Murder also applies to the standards for Felony Murder. The evidence was clearly insufficient as the prosecutor failed to establish any intent to kill. The Court of Appeals erred in finding that Defendants intent to murder can be inferred from his intentional discharge of his firearm at Phipp. Id., at 3. Again, there is no evidence connecting Defendant to the shooting of Phipps. There was no witnesses, and there was no physical evidence corroborating the prosecutions theory.

(C) The Court of Appeals erred in concluding that there was sufficient evidence to support Defendants conviction for carjacking. Despite the witness' testimony that Defendant and several other men pointed guns at him and forced him from his vehicle, this witness was never able to identify the Defendant

until trial. (9) nine months after the incident, and after two failed attempts at pretrial identification. The Court of Appeals also stated: "Even if defendant did not drive Feezell's vehicle away, defendant's knowledge of the drivers intent to do so can be inferred form his assistance in forcing Feezell from the vehicle." Id, at pg. 4. This conclusion is erroneous.

The only evidence linking Defendant to these crimes is his coerced statement, and an unreliable in court identification. However, this will be later argued and corroborated by the new issue the Defendant wishes to present in his MCR 6.500.

(D) As stated in section (C) above, Witness Feezell was never able to identify Defendant until trial, and this was also the case with witness Leinonen. The Court of Appeals relied on the testimony which stated that Defendant hit both witnesses in the head with the gun, the fact that Defendant was seen with a gold chain after the robbery, and his coerced statement alleging that "only one person got robbed. . ." Id, at pg. 4.

There is no evidence that Defendant was not given the gold chain by someone else who may have actually robbed the victims. Both witnesses alleged they could see Defendants face, yet was unable to identify him until trial. Absent the coerced statement and the unreliable in-court identification, there is clearly not enough evidence to establish the sufficiency test.

(E) The Court of Appeals decision is not only erroneous, it is baseless. Even if this Court were to believe that Defendant robbed, and assaulted Leinonen, there is no evidence  that Defendant ever shot at her. The Court of Appeals stated, "Although it is unclear who shot at Leinonen's vehicle, defendants acts encouraged and assisted the shooting." Id, at pg. 5. There is absolutely nothing on the record establishing what "Defendants acts" were that allegedly encouraged or assisted the shooting. There is no evidence Defendant

shot at her, or assisted anyone else shooting at her.

Therefore, the Court of Appeals conclusion that there was sufficient evidence is clearly based on something other than the evidence presented on the record.

SUPPORTING FACTS ISSUE II.

The Court of Appeals erred in concluding that counsel was not ineffective for failing to request a severance of the charges. Defendant does not contest that joinder is appropriate if the offenses are related, and in the interest of judicial economy, He does however, contend that joinder in the instant case was highly prejudicial in that none of the witnesses were able to identify Defendant during a photo line-up or at the preliminary exam, however, two of the witnesses alleged they were able to identify him at trial. Had these charges been severed, there is a reasonable probability that Defendant would have been acquitted on the remaining charges due to a lack of sufficient evidence. Due to the charges all being tried together, the jury was allowed to use evidence of one charge to convict on another charge.

Standard of Review/Issue Preservation. The standard of review if for an **abuse of discretion** under MCR 6.121(D). See People v Hana, 447 Mich 325, 347; 534 NW2d 682 (1994), mod 447 Mich 1203 (1994). The issue preserved during the Defendants pre-trial hearing.

Defendant submits that he was denied his right to a fair trial by being tried jointly with the other co-defendants. Had Mr. Treeadwell been tried separately, it is likely that he would have been found not guilty. It is clear from the record that the prosecution's case against the alleged offenders was far stronger than their case against Mr. Treadwell.

**Analyses**

Joint trials are favored because of their benefit to the judicial economy

and administration, People v Carroll, 396 Mich 408, 414; 240 NW2d 722 (1976); People v Jones, 126 Mich App 191; 202 NW2d 889 (1983). A defendant moving for severance bears the burden of proving that substantial rights will be prejudiced in a joint trial, People v Hurst, 396 Mich 1, 6; 238 NW2d 6 (1976). The decision whether to grant separate trials to tow or more defendants jointly charged is generally left to the trial judge's discretion, except under some circumstances where severance is mandatory, MCL 768.5; MCR 6.121(C). In the case sub judice, the motion was made under Paragraph (D) of MCR 6.121 which provides for discretionary severance:

> (D) Discretionary Severance. On the motion of any party, the court may sever the trial of defendants on the grounds that severance is appropriate to promote fairness to the parties and a fair determination of the guilt or innocence of one or more of the defendants. Relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of defendants or the complexity or nature of the evidence, the convenience of the witnesses, and the parties' readiness for trial.

In People v Hana, supra, 447 Mich at 437-439, our Supreme Court held that risk of "incidental" spillover evidence alone would generally not suffice to sustain a motion for severance, and that the reviewing court must decide whether prejudice in fact occurred at trial. However, where evidence is admitted against a co-defendant that the defendant's jury should not consider against him, and which would not be admissible if the were tried separately, the defendant has suffered reversible prejudice form the improper denial of a motion for sever, Peopel v Hana, 447 Mich 325 at 346, n 7 citing Zafiro v United States, 506 US 534; 113 S.Ct 933; 122 L.Ed 2d 317 (1993).

In Zafiro the Supreme Court held that the appropriate standard for evaluating a motion for severance is that of "a serious risk that a joint trial would compromise a specific trial of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id., at 539; Accord,

United States v Breinig, 70 F.3d 850 (CA 6, 1995).

The defense for Treadwell argued that the trial court should have exercised its discretion under MCR 6 121(D) to grant a severance of Mr. Treadweill: trial form those of his co-defendants, saying: that because this case was such a high pro-file case dealing with a police officer not to mention the new media the case had already attracted. And the fact that the very minuscule facts regarding Mr. Treadwell, were bound to get lost in the avalanche of the prejudicial statements and evidence dealing with his co-defendants.

As indicated above the trial court denied the motion (Hrg at pg.   ) Now on appeal with the trial completed, Mr. Treadwell contends that the consolidation of trial did not result in the mere "incidental spillover" discussed in the Hana decision, but rather the denial of a specific trial right. Several problems might have been avoided if Mr. Treadwell had been granted a separate trial. The most obvious might be his desire to have a trial without the prejudicial facts of his co-defendants.

Conclusion

A defendant who is prejudiced by improper joinder with a co-defendant has been denied the due-process right to a fair trial, US Const, Ams V, XIV; Mich Const 1963, art 1, §17; United States v Breinig, supra, In Breinig the Sixth Circuit reversed the defendant's conviction not under a theory of mutually antagonistic defense, but because evidence relevant to the co-defendant, which was inadmissible as to the defendant, was admitted at the joint trial. Here, Defendant asks that his convictions be reversed, not under a theory of mutually antagonistic defense, but because evidence relevant to Defendant Treadwell was excluded, in effect, because he were tried jointly with his alleged co-defendants.

Supporting Facts for issue III.   This issue the Court of Appeals remanded for resentencing.

# CIVIL COVER SHEET FOR PRISONER CASES

| | |
|---|---|
| **Case No.** 10-10441 | **Judge:** John Corbett O'Meara     **Magistrate Judge:** Charles E. Binder |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>JASON TREADWELL | **Name of 1st Listed Defendant/Respondent:**<br><br> MARY BERGHUIS |
| **Inmate Number:** 338440 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Earnest C. Brooks Correctional Facility<br><br>2500 S. Sheridan Drive<br>Muskegon Heights, MI 49444<br>MUSKEGON COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes      ☒ No
   ➤ If yes, give the following information:
   
   Court: _____
   
   Case No: _____
   
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes      ☒ No
   ➤ If yes, give the following information:
   
   Court: _____
   
   Case No: _____
   
   Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases