# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON OWENS TREADWELL,

        Petitioner,                  Case Number: 5:10-CV-10441

v.                                           HON. JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Jason Owens Treadwell has filed a habeas petition under 28 U.S.C. § 2254. Petitioner is a state inmate at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, pursuant to convictions for first-degree murder, assault with intent to rob, carjacking, two counts of armed robbery, assault with intent to murder, felon in possession of a firearm, and felony firearm. Along with his habeas petition, Petitioner has filed a Motion to Hold Habeas Petition in Abeyance so that he may return to state court to present unexhausted claims.

## I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of the first-degree murder of Detroit Police Officer Charles Phipps, Mich. Comp. Laws §750.316(1)(a), the felony murder of Officer Phipps, Mich. Comp. Laws § 750.316(1)(b), assault with intent to rob Officer Phipps while armed, Mich. Comp. Laws § 750.89, carjacking of John Feazell, Mich. Comp. Laws § 750.529a(1), two counts of armed robbery for the robberies of Feazell and Marie Leinonen, Mich. Comp. Laws § 750.529, assault with intent to murder Leinonen, Mich. Comp.

Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f(3), and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b(1). Petitioner was sentenced to life imprisonment without parole for each murder conviction, 285 months to 50 years' imprisonment for each assault with intent to rob while armed, carjacking, armed robbery and assault with intent to commit murder conviction, two to five years' imprisonment for the felon in possession conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) insufficient evidence was presented to support the convictions; (ii) counsel was ineffective for failing to sever these offenses; and (iii) Double Jeopardy Clause was violated. The Michigan Court of Appeals held that Petitioner's convictions for first-degree premeditated murder and first-degree felony murder violated double jeopardy. *People v. Treadwell*, No. 277363, *6 (Mich. Ct. App. July 15, 2008). The state court also held that attempted larceny is a necessarily included lesser offense of assault with intent to rob while armed and, therefore, conviction of both also violated the Double Jeopardy Clause. *Id.* The court of appeals vacated the attempted larceny conviction. *Id.* The state court remanded the matter to the trial court for the purpose of amending the judgment of sentence to reflect one conviction and one sentence for first-degree murder supported by two theories, and to reflect that the attempted larceny conviction was vacated. *Id.*

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals and an additional ineffective assistance of counsel claim. The Michigan Supreme Court denied leave to appeal. *People v. Treadwell*,

2

483 Mich. 881 (Mich. Jan. 27, 2009).

Petitioner then filed the pending petition, raising the same claims raised in the Michigan Court of Appeals.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that he has not exhausted four claims he would like to present in his habeas corpus petition in state court. He has filed a habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations. Petitioner asks the Court to hold the petition in abeyance while he exhausts his state court remedies.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered and because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause

for failing previously to present these claims to the Michigan Court of Appeals.  In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  *See Rhines*, 544 U.S. at 277-78.  Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Id.* at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See id.*  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance is **GRANTED**.  The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.  The case shall be held in abeyance provided that (i) Petitioner presents his unexhausted claim to the state court within sixty days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted and files an amended petition  within sixty days of exhausting state court remedies.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close

this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/John Corbett O'Meara<br>United States District Judge

Date: February 16, 2010

     I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, February 17, 2010, at Earnest C. Brooks Correctional Facility, 2500 South Sheridan Drive, Muskegon Heights, MI 49444 by U.S. mail.

s/William Barkholz<br>Case Manager