## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON TREADWELL,

                    Petitioner,                Case Number: 5:10-CV-10441
                                                    HON. JOHN CORBETT O'MEARA

v.

DAVID BERGH,

                    Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Jason Treadwell, currently in the custody of the Michigan Department of Corrections, filed a *pro se* petition for writ of habeas corpus challenging his convictions for first-degree murder, carjacking, two counts of armed robbery, assault with intent to murder, felon in possession of a firearm, and felony firearm. He raises five grounds for habeas relief. Respondent filed an answer arguing the claims are procedurally defaulted and/or meritless. For the reasons set forth, the Court denies the petition.

### I. Factual and Procedural Background

Petitioner's convictions arise from his participation in a crime spree on the west side of Detroit during the early morning hours of April 28, 2006. The crime spree occurred over a brief, approximately 35-minute, period. During the crime spree, an off-duty police officer was shot nine times and killed, John Feazell was robbed and the victim

of a carjacking, Dewayne Smith was robbed, and Marie Leinonen was assaulted and robbed.

John Feazell testified that he was driving home at approximately 3:00 a.m. on April 28, 2006, when a Honda CRV pulled in front of him and cut him off, forcing him to stop his vehicle. Three men exited the vehicle, all carrying weapons. He identified the oldest of the three men as Brian McConnell. The men identified themselves as police and ordered him to exit his vehicle. One of the men took Feazell's gold chain and cell phone. The shortest of the three men, Feazell estimated him to be about 5'2", asked if he could shoot Feazell. Another gunman said no, and told Feazell to run, which Feazell did. Feazell identified Treadwell at trial as the gunman who asked if he could shoot Feazell. He also identified McConnell as the oldest of the gunmen.

Dewayne Smith testified that, at about the same time Feazell was robbed, he pulled his Honda CRV into a driveway when a car pulled up behind him, three men exited the vehicle, and announced that they were police. Each of the men was carrying a weapon. Smith testified there was a short man, a taller man, and a medium-height man. The short man hit Smith in the head with a gun and took his money. The gunmen then directed Smith to run, which he did. Smith testified that he was unable to identify Treadwell as the short man, but that his physical stature was consistent with that of the short gunman.

Marie Leinonen testified that, at about 3:00 a.m., on April 28, 2006, she was driving in the area where the other two robberies occurred when an SUV pulled in front of her, forcing her to stop her vehicle. Four men carrying guns exited the SUV yelling

2

"police, police."  Leinonen attempted to back up her vehicle and one of the men fired a shot at her.  He ordered her to open the door, which she did.  She was hit in the head by one of the men, who she referred to as the short man, and her purse was taken.  Leinonen then sped away from the scene.  As she did so, the men shot at her, shattering her windows.  She drove to a gas station and called police.  She testified that Treadwell was one of the men who stepped from the SUV carrying a gun.

Detroit police officer Kirk Williams testified that he responded to a crime scene in the vicinity of where the robberies had occurred.  He found a van crashed into a telephone pole.  The windows of the van had been shot out.  Near where the van had crashed, a man, who he knew to be fellow police officer Charles Phipps, was lying in the middle of the road.  He was obviously deceased.  An autopsy later revealed that Phipps had suffered nine gunshot wounds.

Detroit police investigator Barbara Simon testified that she interviewed Treadwell a few days after the crime spree.  Treadwell gave a statement in which he admitted to being involved in the shooting of Phipps and the other robberies and carjackings.  He admitted firing at Phipps with a .38 caliber gun.  At trial, Treadwell denied participating in the crime spree, instead, claiming that he was at a friend's house during the relevant time period.  He also claimed that he never told Investigator Simon that he was involved in the crime spree.  He claimed that when he was at the police station, the officers wore masks, behaved aggressively, and told him that unless he told them something he would go to jail for the rest of his life.

3

Treadwell was convicted by a jury in Wayne County Circuit Court of the first-degree murder of Officer Charles Phipps, the felony murder of Phipps, assault with intent to rob Officer Phipps while armed, carjacking of John Feazell, two counts of armed robbery for the robberies of Feazell and Leinonen, assault with intent to murder Leinonen, felon in possession of a firearm, and possession of a firearm during the commission of a felony.

On February 23, 2007, Treadwell was sentenced to life imprisonment without parole for each murder conviction, 285 months to 50 years' imprisonment for each assault with intent to rob while armed, carjacking, armed robbery, and assault with intent to commit murder conviction, two to five years' imprisonment for the felon in possession conviction, and two years' imprisonment for the felony-firearm conviction.

Treadwell filed an appeal of right in the Michigan Court of Appeals. He raised these claims: (i) insufficient evidence; (ii) ineffective assistance of counsel; and (iii) double jeopardy violation. The Michigan Court of Appeals held that Petitioner's convictions for first-degree premeditated murder and first-degree felony murder violated double jeopardy. *People v. Treadwell*, No. 277363, *6 (Mich. Ct. App. July 15, 2008). The state court also held that attempted larceny is a necessarily included lesser offense of assault with intent to rob while armed and, therefore, conviction of both also violated the Double Jeopardy Clause. *Id.* The court of appeals vacated the attempted larceny conviction. *Id.* The state court remanded the matter to the trial court for the purpose of amending the judgment of sentence to reflect one conviction and one sentence for first-

4

degree murder supported by two theories, and to reflect that the attempted larceny conviction was vacated. *Id.*

Treadwell filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals, with the exception of the double jeopardy claim. The Michigan Supreme Court denied leave to appeal. *People v. Treadwell*, 483 Mich. 881 (Mich. Jan. 27, 2009).

Treadwell then simultaneously filed a habeas corpus petition and a motion to hold the petition in abeyance to allow him to exhaust state court remedies. The Court granted the motion. Treadwell filed a motion for relief from judgment in the trial court, raising these claims: (i) counsel was ineffective for failing to investigate and prepare for trial; (ii) counsel was ineffective for failing to call an exculpatory witness; and (iii) counsel was ineffective in failing to seek an expert witness to testify as to false identification and false confessions. The trial court denied the motion. *People v. Treadwell*, No. 06-008315-01 (Wayne County Cir. Ct. Oct. 12, 2010). Treadwell filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v Treadwell*, No. 306377 (Mich. Ct. App. May 2, 2012); *People v. Treadwell*, 493 Mich. 869 (Mich. Oct. 22, 2012).

Treadwell then returned to this Court and the Court granted his motion to reopen the proceeding. He raises these claims in his habeas petition:

I.      Petitioner's convictions must be reversed and the charges dismissed, as the prosecution failed to present legally sufficient evidence that he was a principal or an aider and abettor in violation of his right to due process of

5

law.

II.     Appellant is entitled to a new trial where defense counsel provided
        constitutionally ineffective assistance by failing to move to sever unrelated
        offenses.

III.    Defendant was denied a fair trial due to ineffective assistance of counsel
        because his attorney failed to investigate and prepare for trial.

IV.     Defendant was denied a fair trial because his attorney failed to call an
        exculpatory defense witness.

V.      Defendant was denied a fair trial because his attorney failed to seek an
        expert witness to testify as to false identification and false confessions.

## II.  Standard

Petitioner's claims are reviewed against the standards established by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law,
>         as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
>         determination of the facts in light of the evidence presented in
>         the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

6

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, —, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Discussion

### A.  Sufficiency of the Evidence

Treadwell's first habeas claim concerns the sufficiency of the evidence.  He argues that the prosecutor presented insufficient evidence to sustain any of the convictions because there was no direct evidence that Treadwell was involved in the crimes other than Treadwell's own statement.  Treadwell argues that his statement could not provide the basis for his convictions because he denied making the statement.  Treadwell is wrong on both counts: his statement could provide the basis for his convictions despite his later denial and other testimony linked Treadwell to the crimes.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original).  In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'"  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency."  *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any

9

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319.  Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

### 1. First-Degree Murder

Treadwell claims that insufficient evidence was presented to sustain his conviction for the first-degree premeditated murder of Officer Phipps.  Under Michigan law, "[in] order to convict a defendant of first-degree murder, the prosecution must prove that the defendant intentionally killed the victim and that the killing was premeditated and deliberate." *People v. Anderson*, 531 N.W.2d 780, 786 (Mich. Ct. App. 1995). Premeditation may be inferred by the circumstances surrounding the killing.  *People v. Marsack,* 586 N.W.2d 234, 371 (Mich. Ct. App. 1998).  "To establish that a defendant aided and abetted a crime, a prosecutor must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement." *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007), *citing People v. Carines*, 597 N.W.2d 130, 135 (1999).  An "aider and abettor's state of mind may be inferred from all the facts and circumstances.  Factors that

10

may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *People v. Carines*, 460 Mich. 750, 758 (1999). "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v. Lawton*, 196 Mich. App 341, 352 (1992).

The Michigan Court of Appeals held that sufficient evidence was presented to establish that Treadwell encouraged and assisted in the shooting of Phipps. Treadwell admitted to Investigator Barbara Simon that, although Grays was the first person to shoot at Phipps, Treadwell also fired shots at Phipps when Phipps began running away. The state court concluded that Treadwell's intent could be inferred from the assistance he provided Grays. *Treadwell*, 2008 WL 2744738 at *2.

When assessing a sufficiency of the evidence claim on habeas review, the Court may not re-weigh evidence or redetermine witness credibility. *Marshall*, 459 U.S. at 434. The Court presumes the correctness of the facts relied upon by the Michigan Court of Appeals; Treadwell has not rebutted that presumption. The evidence establishing Treadwell's intent was provided by his own statement to police and, as set forth by the Michigan Court of Appeals, was sufficient to sustain the conviction. Treadwell is not entitled to federal habeas corpus relief with respect to this claim.

## 2. Felony Murder

Treadwell argues that the prosecution failed to present legally sufficient evidence

to support his felony-murder conviction.

Under Michigan law, the elements of first-degree felony murder are: (1) the killing of a human being; (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm would be the probable result; (3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in Mich. Comp. Laws § 750.316. *People v. Smith*, 478 Mich. 292, 318-319 (2007). The elements of larceny are: "(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner." *Treadwell*, 2008 WL 2744738 at *2 (internal quotation omitted). An attempt is: "(1) an attempt to commit an offense prohibited by law, and (2) any act towards the commission of the intended offense." *Id.* at *3.

The Michigan Court of Appeals held that Treadwell's intent to commit murder could be inferred from his intentional discharge of a firearm at Phipps when Phipps attempted to flee. The state court also observed that the circumstances surrounding the shooting showed that Treadwell and the other gunmen attempted to take property from Phipps. Treadwell admitted to robbing one person that night and attempting to rob others. The Michigan Court of Appeals concluded:

> [Treadwell and the other men] pretended to be the police and stole jewelry, wallets and one vehicle from motorists. In the midst of these robberies, they encountered Phipps in his minivan. A reasonable juror could infer that

12

defendant and the others in the Honda CRV used a similar tactic with Phipps.[] Because there was sufficient evidence to prove that defendant attempted to commit a larceny against Phipps, the predicate offense has been established and a reasonable jury could have found defendant guilty of felony murder.

*Id.*

In light of the direct and circumstantial evidence presented which supported the prosecution's theory that Treadwell intended to commit murder and attempted a larceny, the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements proven beyond a reasonable doubt was reasonable.  Habeas relief is not warranted.

### 3.  Assault with Intent to Rob While Armed

Next, Treadwell argues that he was convicted of the assault with intent to rob while armed of Phipps based upon insufficient evidence.

The essential elements of assault with intent to rob while armed, are:  "'(1) an assault with force and violence; (2) an intent to rob or steal; and (3) the defendant's being armed.'"  *People v. Akins*, 259 Mich. App 545, 554 (Mich. Ct. App. 2003), *quoting People v. Cotton*, 191 Mich. App 377, 391 (Mich. Ct. App. 1991).  The Michigan Court of Appeals held that the following evidence was sufficient to convict Treadwell of this offense: Treadwell admitted that he was armed with a .38 caliber gun and that he shot at Phipps; Treadwell's intent to rob Phipps could be inferred from the intent to rob all motorists stopped during the crime spree.  *Treadwell*, 2008 WL 2744738 at *3.  The decision of the Michigan Court of Appeals easily passes scrutiny under the deferential

13

AEDPA standard, as the appellate court applied the correct constitutional test, relied on facts amply supported in the record, and did not unreasonably apply clearly established constitutional law.

### 4.  Carjacking

Treadwell challenges his carjacking conviction on the ground that there was "no evidence" that he participated in the carjacking.  To the contrary, John Feazell identified Treadwell as one of the armed men who ordered him out of his car and as the man who struck him in the head with a gun before someone drove his car away.  This evidence supports the Michigan Court of Appeals' decision that all of the elements of carjacking were satisfied beyond a reasonable doubt.  Habeas relief is denied.

### 5.  Armed Robbery

Treadwell argues that insufficient evidence was presented to convict him of the armed robbery of Feazell and Leinonen because there was no evidence that he was involved.  The Michigan Court of Appeals denied this claim, reasoning, in relevant part:

> The elements of armed robbery are "'(1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute.'"  *People v. Ford*, 262 Mich. App. 443, 458, 687 N.W.2d 119 (2004), *citing Carines, supra* at 757, 597 N.W.2d 130.  Both Feazell and Leinonen identified defendant as one of the men in the Honda CRV who approached them armed with guns.  After the men stole Feazell's gold chain and cellular telephone, defendant threatened to shoot Feazell and hit him in the head with his gun.  Darryl Fulks saw defendant with a gold chain after the robbery.  Leinonen testified that defendant hit her in the head with a gun and stole her purse.  The men also shot at Leinonen's vehicle as she escaped.  Defendant's statement to Investigator Simon that "Only one person got robbed.... We attempted to

14

rob other people, but they got away," sufficiently demonstrates defendant's intent to permanently deprive Feazell and Leinonen of their property. Therefore, sufficient evidence existed to convict defendant of these armed robberies.

*Treadwell*, 2008 WL 2744738 at *3.

This Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to find Petitioner guilty did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### 6. Assault with Intent to Murder

Next, Treadwell argues that he was convicted of the assault with intent to commit murder of Leinonen based upon insufficient evidence. Under Michigan law, the elements of assault with intent to commit murder are (1) an assault, coupled with (2) specific intent to kill, (3) which, if successful, would make the killing murder. *People v. Taylor*, 422 Mich. 554 (Mich. 1985); *see Warren v. Smith*, 161 F.3d 358, 361 (6th Cir.1998). The intent to kill may be proven by inference from circumstantial evidence. *Warren*, 168 F.3d at 361.

Leinonen identified Treadwell as one of the armed men who approached her vehicle. She testified Treadwell struck her in the head with his weapon. And, as she was trying to escape, shots were fired at her vehicle, breaking her windows. The Michigan Court of Appeals' decision that this was sufficient for a reasonable juror to infer that

15

Treadwell was aware of the shooter's intent to shoot at Leinonen as she attempted to escape was a reasonable application of *Jackson*.  *Treadwell*, 2008 WL 2744738 at *4.

### 7.  Felon in Possession of a Firearm/Felony-Firearm

Finally, Treadwell argues that insufficient evidence was presented to convict him of felon in possession of a firearm or felony firearm because the prosecutor failed to show that he committed or was present for any of the crimes.  The Michigan Court of Appeals held "[b]ecause we concluded that the prosecution presented sufficient evidence to support these convictions, we conclude that defendant's assertions that the prosecution presented insufficient evidence to establish his weapons convictions lack merit."  *Id.* Treadwell admitted that he was an active participant in the crimes and that he carried a weapon.  Therefore, the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements proven beyond a reasonable doubt was reasonable. Habeas relief is not warranted.

16

## B.  Ineffective Assistance of Counsel

Treadwell's remaining claims concern the alleged ineffective assistance of his trial attorney.  He argues trial counsel was ineffective in the following ways: (i) failing to move to sever the charges; (ii) failing to investigate and prepare for trial; (iii) failing to call defense witness Royce Ali; and (iv) failing to seek an expert witness to testify as to false identification and false confessions.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."  *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court's review of counsel's performance must be "highly deferential."  *Id.* at 689.  Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*.  *Knowles v.*

17

*Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

Respondent argues that, with the exception of his first ineffective assistance of counsel claim, all of Treadwell's ineffective assistance of counsel claims are procedurally defaulted. The Court finds it unnecessary to address the question of procedural default. It is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ( citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

## 1. Counsel's Failure to File Motion to Sever

Treadwell argues that counsel was ineffective in failing to move to sever the charges because the offenses were unrelated. The Michigan Court of Appeals held that because the offenses were properly joined, counsel was not ineffective in failing to move to sever:

> In this case, the offenses against Feazell, Smith, Leinonen, Phipps, Andrews, and Wellborn occurred between 3:00 a.m. and 3:35 a.m. on April 28, 2006. Furthermore, the offenses each occurred within several blocks on the west side of Detroit. In each offense, the assailants drove a vehicle resembling a gray Honda CRV and targeted motorists. Feazell, Smith, and

18

Leinonen testified that their assailants pretended to be police officers, carried guns and hit them in the head. The motorists also described the assailants' physiques similarly. Finally, defendant admitted that he robbed one person and attempted to rob others during those early-morning hours. Therefore, because these offenses occurred within a close time-space sequence, they arose out of substantially similar transactions, and because joinder was in the interest of judicial economy, the offenses were properly joined. Consequently, a motion to sever would have been futile, and therefore defense counsel's failure to make such a motion was not ineffective. *People v. Ackerman*, 257 Mich. App. 434, 455, 669 N.W.2d 818 (2003) ("[C]ounsel does not render infective assistance by failing to raise futile objections.").

*Treadwell*, 2008 WL 2744738 at *5.

Given that a motion to sever would have been denied under Michigan law, counsel was not ineffective for failing to make a futile objection. *Kittka v. Franks*, 539 F. App'x 668, 674 (6th Cir. 2013).

### 2. Alleged Failure to Investigate

Treadwell next argues that his trial attorney was ineffective in failing to undertake sufficient investigation of his defense. Treadwell, however, offers no specific avenues of investigation that counsel should have undertaken. An ineffective assistance of counsel claim for failure to investigate must be based upon more than mere speculation that further investigation would have been beneficial. *Hodge v. Haberlin*, 579 F.3d 627, 650 (6th Cir. 2009). Habeas relief is denied.

19

### 3.  Failure to Call Witness Royce Ali

Treadwell claims that counsel was ineffective in failing to call witness Royce Ali

to testify.  Treadwell claims that Ali was identified as a shooter by one of the victims and

that Ali had gunshot residue on his hands.  The trial court denied this claim in denying

Treadwell's motion for relief from judgment:

> Decisions regarding what evidence to present and whether to call or
> question[] witnesses are presumed to be matters of trial strategy.  *People v.
> Rockey*, 237 Mich. App. 74, 76; 601 N.W.2d 887 (1999).  Counsel's failure
> to call a witness is considered ineffective assistance only if the failure
> deprives the defendant of a substantial defense.  *People v Daniel*, 207 Mich.
> App. 47, 58; 523 N.W.2d 830 (1994).  Defendant fails to explain what
> testimony Mr. Ali would have given which would have led to a reasonably
> likely chance of acquittal.  Although defendant claims that a victim
> identified Mr. Ali as a shooter, it is highly doubtful that Mr. Ali would have
> admitted to participating in the crimes if called by defense counsel.  Further,
> even if Mr. Ali was one of the shooters, it does not follow that defendant
> did not participate in the crimes.  Defendant was convicted under an aiding
> and abetting theory, and defendant admitted that he and three other men had
> guns on the night of the shooting, participated in robberies and attempted
> robberies within an hour and a few blocks away from [where] one of the
> victims was found dead.  Also, defendant told Investigator Barbara Simon
> that he shot at the victim who was later found dead.  Considering the
> evidence against defendant, including his own inculpatory statements,
> defendant has failed to show that but for counsels failure to call Mr. Ali as a
> witness he would have had a reasonably likely chance of acquittal.

*People v. Treadwell*, No. 06-008315-01, Opinion, at 2-4.

The state court's analysis is supported by the record.  Even if Ali testified that he

was involved in the crime spree, this admission would not negate Treadwell's own

incriminating statements.  Accordingly, the Court finds the state court's application of

*Strickland* reasonable and denies habeas relief on this claim.

### 4.  Failure to Call Expert Witness

Finally, Treadwell argues that his attorney was ineffective in calling to call an

expert witness on eyewitness identification testimony and false confessions.

The Michigan trial court rejected this claim, holding, in relevant part:

> Defendant has provided no proof that an expert witness would have testified
> favorably for him on either issue, and has therefore failed to establish the
> factual predicate for his claim.  *People v. Hoag,* 460 Mich. 1, 6; 594
> N.W.2d 57 (1999).  Further, whether to present expert testimony is a matter
> of trial strategy and this Court defers to counsel's strategic decisions.
> *People v. Cooper*, 236 Mich. App. 643, 658; 601 N.W.2d 409 (1999).
> Because defendant has failed to establish that the testimony of an expert
> witness would have led to a reasonably likely chance of acquittal, he is not
> entitled to relief from judgment on this issue.

*People v. Treadwell*, No. 06-008315-01, Opinion, at 4-5.

"No precedent establishes that defense counsel must call an expert witness about

the problems with eyewitness testimony in identification cases or risk falling below the

minimum requirements of the Sixth Amendment."  *Perkins v. McKee*, 411 F. App'x 822,

833 (6th Cir. 2011). Although counsel did not call an expert witness on the problems of

eyewitness identification, trial counsel vigorously cross-examined the witnesses about the

problems with their identification.  Petitioner was not denied effective assistance of

counsel due to trial counsel's failure to seek the assistance of expert witness on

identification, where counsel elicited testimony to discredit the witnesses' identification

testimony.

Similarly, Petitioner has offered nothing other than speculation that an expert

witness could have been obtained to provide testimony on the issue of false confessions

or that such a witness would testify favorably on his behalf.  For the reasons explained in the Michigan state court's opinion, the Court agrees that Treadwell has failed to establish that he was denied the effective assistance of counsel based on his attorney's failure to present expert testimony regarding eyewitness identification and false confessions.  Habeas relief is denied.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

The Court finds that jurists of reason would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted, and denies a certificate of appealability.

## V.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas

corpus is **DENIED**.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/John Corbett O'Meara
United States District Judge


Date:  February 25, 2015



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 25, 2015, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager